# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Suzanne B. Conlon | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 12 C 7295 | **DATE** | 10-29-12 |
| **CASE TITLE** | Charles Hardig (#2009-0009731) v. Dr. Armstrong, et al. | | |

## DOCKET ENTRY TEXT:

Plaintiff's motion for leave to proceed *in forma pauperis* [#3] is granted. The Court authorizes and orders the trust fund officer at Plaintiff's place of incarceration to deduct $46.03 from Plaintiff's account for payment to the Clerk of Court as an initial filing fee, and to continue making monthly deductions in accordance with this order. The Clerk is directed to forward a copy of this order to the Inmate Trust Office at the Will County Adult Detention Facility. However, summonses shall not issue at this time. The Court, on its own motion appoints Tami J. Reding Brubaker, Cassiday Schade LLP, 1870 W. Winchester Road, #148, Libertyville, IL 60048, to represent Plaintiff in accordance with counsel's trial bar obligations under the District Court's Local Rule 83.37 (N.D. Ill.). After investigation, appointed counsel shall notify the Court within sixty days if she wishes to proceed with the complaint on file or she intends to file an amended complaint. If counsel is unable to file an amended complaint, she shall so inform the Court.

■ [For further details see text below.]

Docketing to mail notices.

## STATEMENT

Plaintiff, an inmate in state custody at Will County Adult Detention Facility, has brought this *pro se* civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff claims that since May 1, 2012, he has been suffering from ongoing vomiting and nausea due to gall stones and panceatitis, and has been unable to obtain adequate medical treatment.

Plaintiff's motion for leave to proceed *in forma pauperis* is granted. Pursuant to 28 U.S.C. § 1915(b)(1), the plaintiff is assessed an initial partial filing fee of $46.03. The office of inmate accounts at the Will County Adult Detention Facility is authorized and ordered to collect, when funds exist, the partial filing fee from Plaintiff's trust fund account and pay it directly to the Clerk of Court. After payment of the initial partial filing fee, the trust fund officer at Plaintiff's place of confinement is directed to collect monthly payments from Plaintiff's trust fund account in an amount equal to 20% of the preceding month's income credited to the account. Monthly payments collected from Plaintiff's trust fund account shall be forwarded to the Clerk of Court each time the amount in the account exceeds $10 until the full $350 filing fee is paid. All payments shall be sent to the Clerk, United States District Court, 219 S. Dearborn St., Chicago, Illinois 60604, attn: Cashier's Desk, 20th Floor, and shall clearly identify Plaintiff's name and the case number assigned to this action. The Will County Adult Detention Facility inmate trust account office shall notify transferee authorities of any outstanding balance in the event Plaintiff is transferred from the jail to another correctional facility.
**(CONTINUED)**

AWL

## STATEMENT (continued)

Under 28 U.S.C. § 1915A, the Court is required to conduct a prompt threshold review of the complaint. Here, accepting Plaintiff's allegations as true, the Court finds that Plaintiff has articulated a colorable federal cause of action with respect to deliberate indifference to a serious medical condition. *Hayes v. Snyder*, 546 F.3d 516, 522 (7th Cir. 2008), citing *Gutierrez v. Peters*, 111 F.3d 1364, 1373 (7th Cir. 1997).

However, the Will County Adult Detention Facility is not a suable entity. *See Castillo v. Cook County Mail Room Dept.*, 990 F.2d 304, 307 (7th Cir. 1993). Consequently, the Will County Adult Detention Facility is not a proper Defendant and is dismissed.

Due to the nature of Plaintiff's allegations, the Court hereby appoints Tami J. Reding Brubaker, Cassiday Schade LLP, 1870 W, Winchester Road, #148, Libertyville, IL 60048, to represent the plaintiff in accordance with counsel's trial bar obligations under the District Court's Local Rule 83.37 (N.D. Ill.).

After investigation, appointed counsel shall notify the Court within sixty days if she wishes to proceed with the complaint on file or she intends to file an amended complaint. If counsel is unable to file an amended complaint, she shall so inform the Court.

*Suzanne B. Conlon*